UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

DAVID L. SIMTH, JR.,
    Debtor

CASE NO. 17-67324-LRC

CHAPTER 7

**TRUSTEE'S REPORT OF NO DISTRUBUTION
AND ABANDONMENT OF FUNDS**

NOW COMES, Martha A. Miller, in her capacity as chapter 7 trustee in the above-captioned case ("Trustee"), and files this Report of No Distribution and of Abandonment of Funds ("Report"), showing as follows:

1. This voluntary chapter 7 case (the "Case") was filed by David L. Smith, Jr. ("Debtor") on November 4, 2017 (hereafter, the "Estate").

2. Currently, there are three adversary proceedings affiliated with the Case pending, *Lenox Pines, LLC v. David L. Smith, Jr., and Martha A. Miller, as Trustee*, AP no. 18-05052-LRC; *Lenox Pines, LLC v. David L. Smith, Jr.,* AP no. 18-05005-LRC; and, *Britton McLeod and D. Hayden Smith v. David L. Smith, Jr.,* AP no. 18-05004-LRC.

3. As indicated above, in my official capacity as the duly appointed chapter 7 trustee in the Case, I am a named defendant in AP 18-05052-LRC. AP no. 18-05052 involves the claim of Lenox Pines, LLC to a constructive trust in all funds held by me as trustee. I am not a party, or otherwise involved in APs 18-05004-LRC or 18-05005-LRC, both of which seek to deny Debtor a discharge or the dischargability of certain claims against Debtor.

4. As this Court is aware, and as any cursory review of the dockets in the Case and related APs reveal, the disputed issues in the Case have been extensively litigated for many years. I see no foreseeable conclusion to this litigation.

5. In mid-2019, my professionals and I believed that we had negotiated a reasonable global resolution with the litigants in the APs and in contested matters. Unfortunately, no resolution was ultimately consummated. It is my belief that no timely or reasonable negotiated resolutions to the disputes in the Case are probable.

6. To date, I have collected funds totaling $179,896.07, none collected since November 1, 2019. Most of these funds, $175,110.49, were collected by me on March 30, 2018, from the Court-approved, and ultimately unopposed, sale of Debtor's residence. Order entered March 23, 2018 (Dkt. No. 109). On November 1, 2019, I also collected $4,785.58 from Debtor representing his non-exempt interest in non-disclosed cash value in a life insurance policy. The settlement with Debtor regarding the cash value in a life insurance policy was unopposed and approved by the Court by Order entered October 15, 2019 (Dkt. No. 196). Due to the monthly bank charges assessed by my trustee depository bank, the current amount of funds held by me total $175,804.27 (the "Funds"). On April 3, 2018, the Court entered an Order approving the payment of bank charges as administrative expenses (Dkt. No. 115). Aside from the bank charges, which are automatically deducted, I have made no distributions nor paid any money on account of this Estate.

7. I have made a diligent inquiry into the financial affairs of Debtor, and the location of property belonging to this Estate. From this inquiry, over the last five plus years, and other than the liquidated property identified above, I have concluded that there is no additional property available for distribution from this Estate. Certain claimants in this case, specifically Debtor's

2

siblings, Britton McLeod and Hayden Smith, through their counsel, have suggested that there may be additional property available for liquidation. However, over the five plus years pendency of the Case, these claimants have not identified any such property to me.

8. Due to the extensive and years-long litigation in the Case and APs, the Estate is significantly insolvent. Regardless of the outcome of the constructive trust claim (AP no. 18-05052), the administrative expenses incurred by the Estate to date total well over $100,000.00 of any sum that could potentially remain in the Estate upon resolution of all disputed issues. There is no scenario in this Case whereby unsecured creditors would be paid.

9. I have practiced law in the State of Georgia since my graduation from law school in June, 1977, always in Federal courts. Since the late-1980s, I have exclusively practiced bankruptcy law. I have represented debtors, creditors and trustees in chapters 7, 11 and 12 cases. I was asked to, and did, testify before a subcommittee of Congress on the need for passage of legislation to include chapter 12 in the Bankruptcy Code. This testimony was as a result of my decade plus practice of representing farmers and ranchers as both lead counsel in a successful national class action, and in chapter 11 cases in Georgia, Texas, Minnesota and North Dakota. In 1992, I was appointed to the chapter 7 Trustee Panel of the United States Bankruptcy Court of the Northern District of Georgia. My appointment to the Panel has been renewed every year since 1992. Pursuant to this Court's Clerk's records, I have been appointed trustee in 20,237 chapter 7 cases. My trustee appointments have never been challenged or revoked, except in the very few cases where I have rejected an appointment. Based upon my best professional and business judgment, it is my opinion that there is no legitimate bankruptcy purpose served by the continued administration of the Estate.

10. With regard to the Funds, I abandon those Funds to the Clerk of this Court to hold subject to the final resolutions of the contested issues by the Court, and any disbursements ordered therefrom.

11. Key information about this case, as reported in schedules and statements filed by Debtor or otherwise found in the Court's public records, may be reviewed by any party.

12. No party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. sec. 521(i)(2).

13. Pursuant to Federal Bankruptcy Rule of Procedure 5009, and subject to the logistics of the abandonment of the Funds to the Clerk, I hereby certify that the Estate has been fully administered. Accordingly, I request that I be discharged from any further duties as trustee in the Case.

Respectfully submitted this 27th day of July, 2021.

s/Martha A. Miller
Martha A. Miller
Trustee
Georgia Bar 507950

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 617-9708
mmiller@mmillertrustee.com

CERTIFICATE OF SERVICE

I hereby certify that I have served the following individuals electronically, as described below, with the foregoing Trustee's Report of No Distribution and Abandonment of Funds, this 27th day of July, 2021:

Office of the United States Trustee
Via Lindsay.p.kolba@usdoj.gov

4

And Jeneane Treace at Jeneane.Treace@usdoj.gov

Brendon McLeod
bren@mmhfirm.com

M. Denise Dotson at ddotsonlaw@me.com

William A. Rountree at wrountree@rlklawfirm.com

W. Russell Patterson, Jr. at wrpjr@rbspg.com

Michael J. Bargar at Michael.Bargar@agg.com

Spence A. Shumway at Spence@stonebridgeaccounting.com

                                              s/ Martha A. Miller
                                              Martha A. Miller

TO THE PARTIES ON THE MAILING MATRIX BY THE CLERK