UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

                                                                              CASE NO. 17-67324-LRC

DAVID L. SIMTH, JR.,
       Debtor.                                               CHAPTER 7

## RESIGNATION AS TRUSTEE

Please take notice that Martha Miller hereby resigns as trustee in this case and in matters affiliated with the case, showing as follows:

1.  This resignation is submitted after consultation with the United States Trustee's office over the approximately last two weeks. The goals have been to minimize inconvenience and delay to the Court and to the parties.

2.  Last year, I resigned from the Chapter 7 Trustee Panel of the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division because I am retiring.

3.  The active parties in this case, and in affiliated Adversary Proceeding 18-05052-LRC, have been informed of this development.

4.  It is my understanding that the United States Trustee's office will promptly appoint a successor trustee.

5.  This voluntary chapter 7 case (the "Case") was filed by David L. Smith, Jr. ("Debtor") on November 4, 2017 (hereafter, the "Estate").

1

6. Currently, there are three adversary proceedings affiliated with the Case pending, *Lenox Pines, LLC v. David L. Smith, Jr., and Martha A. Miller, as Trustee*, AP no. 18-05052-LRC; *Lenox Pines, LLC v. David L. Smith, Jr.,* AP no. 18-05005-LRC; and, *Britton McLeod and D. Hayden Smith v. David L. Smith, Jr.,* AP no. 18-05004-LRC.

7. As indicated above, in my official capacity as the duly appointed chapter 7 trustee in the Case, I am a named defendant in AP 18-05052-LRC. AP no. 18-05052 involves the unliquidated and disputed claim of Lenox Pines, LLC to a constructive trust in all funds held by the Estate. I am not a party, or otherwise involved in APs 18-05004-LRC or 18-05005-LRC, both of which seek to deny Debtor a discharge or the dischargability of certain claims against Debtor.

8. As this Court is aware, and as any cursory review of the dockets in the Case and related APs reveal, the disputed issues in the Case have been extensively litigated for many years. On July 30, 2021, Lenox Pines, LLC filed another lengthy pleading in AP 18-05052 (AP Dkt. 74). This pleading responds to Trustee's Objections to the First Interrogatories to Trustee (AP Dkt. 67). While mentioning it, this pleading ignores the fact of my resignation. Realistically, I see no foreseeable conclusion to this Case or litigation.

9. In mid-2019, my professionals and I believed that we had negotiated a reasonable global resolution with the litigants in the APs and in contested matters. No resolution was ultimately consummated. It is my belief that no timely or reasonable negotiated resolutions to the disputes in the Case are probable.

2

10.    Through July 31, 2021, I have collected funds totaling $179,896.07, none collected since November 1, 2019.  Most of these funds, $175,110.49, were collected by me on or about  March 30, 2018, from the Court-approved, and ultimately unopposed, sale of Debtor's residence. Order entered March 23, 2018 (Dkt. No. 109).  It should be noted that this real property was in foreclosure at the petition date.  Thereafter, the lienholder filed a motion to lift the automatic stay to foreclose.  As Trustee, I  opposed the motion for relief to preserve the value of the Property for the Estate.

11.    On November 1, 2019, I also received $4,785.58 from Debtor representing his non-exempt interest in non-disclosed cash value in a life insurance policy. The settlement with Debtor regarding the cash value in a life insurance policy was unopposed and approved by the Court by Order entered October 15, 2019 (Dkt. No. 196).

12.    Due to the monthly bank charges assessed by my trustee depository bank, the amount of funds held by me as of July 31, 2021 total $175,804.27 (the "Funds").  On April 3, 2018, the Court entered an Order approving the payment of bank charges as administrative expenses (Dkt. No. 115). On August 1, 2021, another monthly bank charge was assessed against the Estate funds, and continuing with a successor trustee.  Aside from the bank charges, which are automatically deducted, I have made no distributions nor paid any money on account of this Estate.

13.    I have made a diligent inquiry into the financial affairs of Debtor, and the location of property belonging to this Estate.  From this inquiry, over the last four plus years, and other than the liquidated property identified above, I have concluded that there is no additional property available for distribution from this Estate.  Certain claimants in

3

this case have suggested that there may be additional property available for liquidation.

However, over the many years of the pendency of the Case, these claimants have not

identified any such property to me.

      14.   Due to the extensive and years-long litigation in the Case and AP 18-05052,

the Estate is significantly insolvent.  Regardless of the outcome of the constructive trust

claim (AP no. 18-05052), the administrative expenses incurred by the Estate to date total

well over $100,000.00 of any sum that could potentially remain in the Estate upon

resolution of all disputed issues.  There is no scenario in this Case whereby unsecured

creditors would be paid.

      Respectfully submitted this 2d  day of August, 2021.

                    s/ Martha A. Miller
                Martha A. Miller

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 617-9708
mmiller@mmillertrustee.com

CERTIFICATE OF SERVICE

   I hereby certify that I have served the foregoing Resignation electronically, as
follows:

Office of the United States Trustee
Via Lindsay.p.kolba@usdoj.gov
And Jeneane Treace at Jeneane.Treace@usdoj.gov

Brendon McLeod
bren@mmhfirm.com

M. Denise Dotson at ddotsonlaw@me.com

William A. Rountree at wrountree@rlklawfirm.com

W. Russell Patterson, Jr. at wrpjr@rbspg.com

Michael J. Bargar at Michael.Bargar@agg.com

Spence A. Shumway at Spence@stonebridgeaccounting.com

Service to all other parties-in-interest via the Clerk of this Court's electronic noticing.

    This 2d day of August, 2021.

                  s/  Martha A. Miller
                  Martha A. Miller

.